# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Arta Thomas

**DEFENDANTS**

CVS Pharmacy, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff     Chester, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Providence, RI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Lee A. Ciccarelli, Esquire, Stephen J. Devine, Esquire, Lee A. Ciccarelli, PC, 304 N. High St., West Chester, PA 19380, 610-692-8700

Attorneys *(If Known)*

Joel H. Feigenbaum, Esquire, Post & Schell
Four Penn Center, 13th Floor, 1600 JFK Blvd,
Philadelphia, PA 19103 (215) 587-1138

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Removal pursuant to 28 U.S.C.

Brief description of cause:
Allegedly tripped and fell

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
10/18/2022

SIGNATURE OF ATTORNEY OF RECORD
*JM Feig*

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

Print     Save As...     Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

ARTA THOMAS                                          CIVIL ACTION
                         v.
                                                     NO.
CVS PHARMACY, INC. c/o CT Corporation System,
CVS PHARMACY INC., CVS PHARMACY STORE #7183,
JOHN DOE PROPERTY OWNERS (1-3), JOHN DOE
MAINTENANCE COMPANIES (1-3), JOHN DOE REPAIR
COMPANIES and JOHN DOE INSPECTION
COMPANIES (1-3).

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| __October 18, 2022__ | **Joel H. Feigenbaum, Esquire** |
|---|---|
| **Date** | **Attorney-at-law** |
| | **Attorney for Defendant** |

| **(215) 587-1138** | **(215) 320-4765** |
|---|---|
| **Telephone** | **FAX Number** |

**E-Mail Address:  jfeigenbaum@postschell.com**

**(Civ. 660) 10/02**

24549258v1

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual

2

stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Arta Thomas, 120 Jenners Pond, Rd., Apt. 3316, West Grove, PA _____

Address of Defendant: _____ CVS Pharmacy,Inc., 1 CVS Dr, Woonsocket, RI _____

Place of Accident, Incident or Transaction: _____ Landenberg, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/18/2022 _____  Joel H. Feigenbaum _____  315866 _____

*Attorney-at-Law / Pro Se Plaintiff*　　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
　　 *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify):* _____ Premises _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　 *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
　　　　　　　　　　　　　　　 *Attorney-at-Law / Pro Se Plaintiff*　　　 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

POST & SCHELL, P.C.
BY:  CHARLES W. SPITZ, ESQUIRE
E-MAIL: cspitz@postschell.com
I.D. # 81192
JOEL H. FEIGENBAUM, ESQUIRE
E-MAIL: jfeigenbaum@postschell.com
I.D. # 315866
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
215-587-1000

ATTORNEYS FOR DEFENDANT,
PENNSYLVANIA CVS PHARMACY,
L.L.C. (I/C/A CVS PHARMACY, INC. C/O
CT CORPORATION SYSTEM, CVS
PHARMACY INC. AND CVS PHARMACY
STORE #7183)

ARTA THOMAS,

                    Plaintiff,

          vs.

CVS PHARMACY, INC. c/o CT Corporation
System, CVS PHARMACY INC., CVS
PHARMACY STORE #7183, JOHN DOE
PROPERTY OWNERS (1-3), JOHN DOE
MAINTENANCE COMPANIES (1-3), JOHN
DOE REPAIR COMPANIES and JOHN DOE
INSPECTION COMPANIES (1-3),

                    Defendant.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA


No.

## DEFENDANT, PENNSYLVANIA CVS PHARMACY, L.L.C.'S
## PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441

Defendant, Pennsylvania CVS Pharmacy, L.L.C (i/c/a CVS Pharmacy, Inc. c/o CT

Corporation System, CVS Pharmacy, Inc., and CVS Pharmacy Store #7183) (hereinafter "CVS"),

by and through its attorneys, Post & Schell, P.C., hereby petitions to remove the above-captioned

action, which is presently in the Court of Common Pleas, Philadelphia County, No. 220801018,

pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, avers as follows:


I.        **NATURE OF ACTION**

1.       This action arises out of an alleged trip and fall accident that occurred on September 6, 2020, outside of a CVS store located at 730 Newark Road, Landenberg, Pennsylvania. <u>See</u> a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A".

2.       Plaintiff is a resident of Pennsylvania with an address of 120 Jenners Pond Road, Apt. 3316, West Grove, Pennsylvania. <u>Id</u>. at ¶1.

3.       Defendant, Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 730 Newark Road, Landenberg, Pennsylvania. <u>See</u> Affidavit of Melanie K. St Angelo attached hereto as Exhibit "B."

4.       CVS Pharmacy, Inc. is a foreign corporation with a principal place of business located at One CVS Drive, Woonsocket, Rhode Island, 02895. <u>Id</u>.; Exhibit "A" at ¶3.

5.       "CVS Pharmacy Store #7183" is a fictitious name. <u>See</u> Exhibit "B".

6.       The sole member of Pennsylvania CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc. <u>Id.</u>

7.       Plaintiff alleges to have suffered, *inter alia*, fracture of the distal fibula and spiral fractur of the fifth metatarsal, which required ORIF surgery of the left foot. <u>See</u> Exhibit "A" at ¶35(a).  Plaintiff further alleges that her injuries are serious and permanent, and claims, *inter alia*, that her damages include past medical expenses, future medical expenses, past lost earnings, loss of earning capacity, past pain and suffering, future pain and suffering, scarring/disfigurement, property damage, incidental costs, and medical subrogation liens. <u>Id.</u> at ¶35(a-p).

8.       Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the alleged damages are in excess of the $50,000 jurisdictional limits of a Board of Arbitrators. <u>See</u> <u>Id.</u>

## II.    <u>PROCEDURAL HISTORY</u>

9.      On September 27, 2022, Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas. See Id.

10.      Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendant shall have thirty (30) days after service of the Complaint to file a notice of removal.

11.      Here, Defendant files the instant Petition to Remove within thirty (30) days of service of Plaintiff's Complaint.

12.      Thus, the notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendants and is, therefore, timely under 28 U.S.C. § 1446(b).

## III.    LEGAL ARGUMENT

### A.    THE ADVERSE PARTIES ARE COMPLETELY DIVERSE

13.      Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

14.      Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

15.      A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

15.      Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, i.e. that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

16.      In addition, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

3

17.    As stated above, as well as in the Complaint, Plaintiff is a resident of Pennsylvania.

18.    The citizenship of CVS is Rhode Island. <u>See</u> Exhibit "B".

19.    Defendant, Pennsylvania CVS Pharmacy, L.L.C.'s sole member is CVS Pharmacy, Inc.  As the sole member of the LLC, the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Pennsylvania CVS Pharmacy, L.L.C.

20.    As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and Defendant (Rhode Island).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

21.    Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

22.    The amount in controversy is measured by the pecuniary value of the rights being litigated. <u>Hunt v. Washington Apple Advertising Commission</u>, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

23.    "The amount in controversy is **not** measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  <u>Angus v. Shiley, Inc.</u>, 989 F.2d 142, 146 (3d Cir. 1993), citing <u>Hunt v. Washington State Apple Advertising Comm'n.</u>, 432 U.S. 333, 347 (1977)[emphasis added].

24.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum.  <u>Id.</u>; <u>see also</u> <u>Corwin Jeep Sales & Service v. American Motors Sales Corp.</u>, 670 F. Supp. 591, 596 (M.D. Pa. 1986)(finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

25. In this case, Plaintiff alleges to have suffered, *inter alia*, fracture of the distal fibula and spiral fractur of the fifth metatarsal, which required ORIF surgery of the left foot. See Exhibit "A" at ¶35(a). Plaintiff further alleges that her injuries are serious and permanent, and claims, *inter alia*, that her damages include past medical expenses, future medical expenses, past lost earnings, loss of earning capacity, past pain and suffering, future pain and suffering, scarring/disfigurement, property damage, incidental costs, and medical subrogation liens. Id. at ¶35(a-p).

26. While Defendant disputes Plaintiff's allegations, considering the damages claimed by Plaintiff, if taken to be true, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 amount in controversy minimum.

## IV.   CONCLUSION

27. Therefore, with both the existence of diversity of citizenship between the parties and the amount in controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendant, Pennsylvania CVS Pharmacy, L.L.C (i/c/a CVS Pharmacy, Inc. c/o CT Corporation System, CVS Pharmacy, Inc., and CVS Pharmacy Store #7183), respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

**POST & SCHELL, P.C.**

BY:

**DATED:** October 18, 2022                CHARLES W. SPITZ, ESQUIRE
                                           JOEL H. FEIGENBAUM, ESQUIRE
                                           Attorneys for DEFENDANT,
                                           PENNSYLVANIA CVS PHARMACY, L.L.C.
                                           (i/c/a CVS Pharmacy, Inc. c/o CT Corporation
                                           System, CVS Pharmacy, Inc., and CVS
                                           Pharmacy Store #7183)

6

## <u>CERTIFICATE OF SERVICE</u>

JOEL H. FEIGENBAUM, ESQUIRE hereby states that a true and correct copy of the foregoing Petition for Removal to be electronically filed with the Court and served electronically by the Court upon counsel of record in addition to being sent by electronic mail to lee@ciccaarelli.com and s.devine@ciccarelli.com.

**POST & SCHELL, P.C.**

**BY**: _____

**DATED:** October 18, 2022

CHARLES W. SPITZ, ESQUIRE
JOEL H. FEIGENBAUM, ESQUIRE
Attorneys for DEFENDANT,
PENNSYLVANIA CVS PHARMACY, L.L.C.
(i/c/a CVS Pharmacy, Inc. c/o CT Corporation
System, CVS Pharmacy, Inc., and CVS
Pharmacy Store #7183)

**<u>EXHIBIT A</u>**

**LEE A. CICCARELLI, P.C.**
Lee A. Ciccarelli, Esquire
Attorney I.D. No.: 56115
Stephen J. Devine, Esquire
Attorney I.D. No.: 37010
304 North High Street
West Chester, PA 19380
Tel. 610-692-8700
Email: lee@ciccaarelli.com
Email: s.devine@ciccarelli.com

MAJOR CASE

ASSESSMENT OF DAMAGES REQUIRED

ATTORNEYS FOR PLAINTIFF

*Filed and Attested by the Office of Judicial Records 08 AUG 2022 03:53 pm G. IMPERATO*

| | |
|---|---|
| ARTA THOMAS | : COURT OF COMMON PLEAS |
| 120 Jenners Pond Road | : PHILADLEPHIA COUNTY, PA |
| Apt 3316 | : CIVIL ACTION |
| West Grove PA 19390 | : |
| *Plaintiff* | : |
| | : |
| | : AUGSUT TERM, 2022 |
| vs. | : |
| | : No. 01018 |
| CVS PHARMACY, INC. | : |
| c/o CT Corporation System | : |
| 600 N. 2nd Street, Ste. 401 | : |
| Harrisburg PA 17101 | : |
| | : |
| and | : |
| | : |
| CVS PHARMACY, INC. | : |
| 1 CVS Drive | : |
| Woonsocket RI 02895-6146 | : |
| | : |
| and | : |
| | : |
| CVS PHARMACY STORE #7183 | : |
| 730 Newark Road | : |
| Landenberg 19350 | : |
| | : |
| and | : |
| | : |
| JOHN DOE PROPERTY OWNERS (1-3) | : |
| 304 N. High Street | : |
| West Chester PA 19380 | : |
| | : |
| and | : |
| | : |
| JOHN DOE MAINTENANCE | : |
| COMPANIES (1-3) | : |
| 304 N. High Street | : |
| West Chester PA 19380 | : |
| | : |

Case ID: 220801018

and                                              :
                                                 :
JOHN DOE REPAIR COMPANIES                        :
(1-3)                                            :
304 N. High Street                               :
West Chester PA 19380                            :
                                                 :
and                                              :
                                                 :
JOHN DOE INSPECTION COMPANIES                    :
(1-3)                                            :
304 N. High Street                               :
West Chester PA 19380                            :
                            *Defendants*         :
                                                 :
_____                    :

# NOTICE

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

**You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or**

telephone the office set forth below to find out where you can get legal help.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333; TTY (215) 451-6197**

**AVISO**

Le han demandado a usted en la corte.  Si usted guiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte pued decidir a favor del demandante y require qu usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derchos importantes para usted.

**Illeve esta demanda a un abogado immediatament.  Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio, vaya en persona o llame por teléfono a la oficina cuya dirección se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.**

**Asociación De Licenciados De Filadelfia**
**Servicio de Referencia E Información Legal**
**One Reading Center**
**Filadelfia, PA  19107**
**Teléfono: (215) 238-6333; TTY (215) 451-6197**

**LEE A. CICCARELLI, P.C.**                    MAJOR CASE
Lee A. Ciccarelli, Esquire
Attorney I.D. No.: 56115                    ASSESSMENT OF DAMAGES REQUIRED
Stephen J. Devine, Esquire
Attorney I.D. No.: 37010
304 North High Street
West Chester, PA 19380
Tel. 610-692-8700                           ATTORNEYS FOR PLAINTIFF
Email: lee@ciccaarelli.com
Email: s.devine@ciccarelli.com

| | |
|---|---|
| ARTA THOMAS | : COURT OF COMMON PLEAS |
| 120 Jenners Pond Road | : PHILADLEPHIA COUNTY, PA |
| Apt 3316 | : CIVIL ACTION |
| West Grove PA 19390 | : |
| *Plaintiff* | : |
| | : AUGSUT TERM, 2022 |
| vs. | : |
| | : No. 01018 |
| CVS PHARMACY, INC. | : |
| c/o CT Corporation System | : |
| 600 N. 2nd Street, Ste. 401 | : |
| Harrisburg PA 17101 | : |
| | : |
| and | : |
| | : |
| CVS PHARMACY, INC. | : |
| 1 CVS Drive | : |
| Woonsocket RI 02895-6146 | : |
| | : |
| and | : |
| | : |
| CVS PHARMACY STORE #7183 | : |
| 730 Newark Road | : |
| Landenberg 19350 | : |
| | : |
| and | : |
| | : |
| JOHN DOE PROPERTY OWNERS (1-3) | : |
| 304 N. High Street | : |
| West Chester PA 19380 | : |
| | : |
| and | : |
| | : |
| JOHN DOE MAINTENANCE | : |
| COMPANIES (1-3) | : |
| 304 N. High Street | : |
| West Chester PA 19380 | : |
| | : |
| and | : |
| | : |

Case ID: 220801018

JOHN DOE REPAIR COMPANIES      :
(1-3)      :
304 N. High Street      :
West Chester PA 19380      :
     :
and      :
     :
JOHN DOE INSPECTION COMPANIES      :
(1-3)      :
304 N. High Street      :
West Chester PA 19380      :
                  *Defendants*      :
     :

## **COMPLAINT**

       Plaintiff, Arta Thomas, by and through her attorneys, Lee A. Ciccarelli, P.C., hereby demands judgment against the Defendants hereafter variously designated as the "CVS" Defendants and/or the "JOHN DOE" Defendants, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000), Dollars, plus interest, costs and delay damages, based upon the following:

1.    Plaintiff, Arta Thomas, is an adult individual residing at the above-captioned address.

2.    Defendant C V S   P h a r m a c y ,   I n c . , c/o CT Corporation System,  is on information and belief a business entity regularly conducting business in the Commonwealth of Pennsylvania and County of Philadelphia with a location as above captioned.

3.    Defendant C V S   P h a r m a c y ,   I n c . , is on information and belief a business entity regularly conducting business in the Commonwealth of Pennsylvania and County of Philadelphia with a location as above captioned.

4.    Defendant, CVS PHARMACY STORE #7183 is on information and belief a business entity regularly conducting business in the Commonwealth of Pennsylvania with a location as above captioned.

5.    Defendant, JOHN DOE PROPERTY OWNERS (1-3) are on information and belief, or any one of them, entities who on information and belief held or hold legal title or other legal possessory interest in the premises located at 730 Newark Road, Landenberg PA 19350 whereon at all relevant

Case ID: 220801018

times Defendant CVS Pharmacy Store #7183 was and remains located, and their whereabouts are unknown.

6.     Defendant JOHN DOE MAINTENANCE COMPANIES (1-3), or any one of them, on information and belief were or are entities that on information and belief, by and through their employees, agents, servants, and workmen who at all relevant times were acting within the course and scope of their employment, responsible for the maintenance and up keep of the premises located at 730 Newark Road, Landenberg PA 19350 whereon at all relevant times Defendant CVS Store #7183 was and remains located, and their whereabouts are unknown.

7.     Defendant JOHN DOE REPAIR COMPANIES (1-3), or any of them, on  information and belief were or are entities that on information and belief, by and through their employees, agents, servants, and workmen who at all relevant times were acting within the course and scope of their employment, were responsible for the repair the premises located at 730 Newark Road, Landenberg PA 19350 whereon at all relevant times Defendant CVS Store #7183 was and remains located, and their whereabouts are unknown.

8.     Defendant JOHN DOE INSPECTION COMPANIES (1-3) are on information and belief entities who on information and belief, by and through their employees, agents, servants, and workmen who at all relevant times were acting within the course and scope of their employment, were responsible for the inspection the premises located at 730 Newark Road, Landenberg PA 19350 whereon at all relevant times Defendant CVS Store #7183 was and remains located, and their whereabouts are unknown.

9.     For purposes of the within Complaint, all CVS Defendants named in the caption and in the foregoing paragraphs shall be referred to as "the CVS Defendants."

10.    At all relevant times, the CVS Defendants acted by and through their employees, agents, servants and workmen, who at all relevant times were acting within the course and scope of their employment who were responsible for the construction, maintenance and upkeep, repair and inspection of the interior and exterior of CVS Pharmacy Store #7183.

11.    For purposes of the within Complaint, all JOHN DOE Defendants named in the caption and in the

Case ID: 220801018

foregoing paragraphs shall be referred to as "the JOHN DOE Defendants."

12.    At all relevant times, the JOHN DOE Defendants acted by and through their employees, agents, servants and workmen, who at all relevant times were acting within the course and scope of their employment who were responsible for the construction, maintenance and upkeep, repair and inspection of the interior and exterior of CVS Pharmacy Store #7183.

13.    At all relevant times on September 6, 2020, the Plaintiff, Arta Thomas, was a business visitor at the CVS store at 730 Newark Road, Landenberg, PA 19350 to whom was owed the highest duty of care to inspect, discover and repair, remediate and/or warn customers and invitees of the presence of unsafe conditions upon the premises that presented a risk or increased risk of physical harm, including the risk or increased risk of fall events.

14.    At all relevant times on and before September 6, 2020, the CVS and/or John Doe defendants, jointly and/or severally owned, constructed, managed, maintained, repaired and/or inspected the CVS premises at 730 Newark Road, Landenberg, PA 19350 and were, jointly and/or severally responsible, by and through their agents, servants, workmen and employees to inspect, discover and repair and/or warn pedestrian customers and invitees of the presence of unsafe conditions upon the premises that presented a risk or increased risk of physical harm, including the risk or increased risk of fall events.

15.    All relevant facts and occurrences took place on the afternoon of September 6, 2020, sometime before 2:45p.m., on the premises out outside CVS Pharmacy Store # 7183 premises, 730 Newark Road, Landenberg PA 19350 along and below a portion of the curb above the parking lot.

16.    At all times relevant and material times, there was an inconspicuous, unsafe and hazardous condition of a section of the curb outside CVS Pharmacy Store # 7183, at the above averred location rendering it in an unsafe, hazardous and defective condition and presenting the risk and/or increased risk of a fall event and related physical harm.

17.    Specifically, before and on the afternoon of September 6, 2020 before 2:45pm, outside

Case ID: 220801018

CVS Pharmacy Store #7183, between a handicap access ramp and a certain brick column supporting the building overhang proximate to the store entrance, the curb height or "reveal" measured 9″ above the parking lot surface as depicted in the following photographs taken on September 27, 2020:









18.     On information and belief, for the perimeter of parking lots and where pedestrians step up onto or

down off of a curb, including for Plaintiff, Arta Thomas on September 6, 2020 upon the CVS

Case ID: 220801018

Pharmacy Store #7183 premises under the joint and/or several control of the CVS Defendants and/or the John Doe Defendants, the height of the "reveal" should have been lower, generally 6″ to 7″ as pedestrians expect that the step up or down will be similar to that of a stairway riser, which is 7″ to 7¾″.

19. On information and belief, an unexpected excessively high step up or down constitutes an in conspicuous hazardous condition and creates a risk or increased risk of a misstep and/or an risk of fall injury, absent a warning, handrail, baluster and/or block or step resting on the surface of the parking lot adjacent to the excessive curb effectively reducing the excessive reveal such as was then and there prevailing at CVS Pharmacy Store on September 6, 2020.

20. At all relevant times hereto, there were no warnings of the excessive curb height and attendant danger and risk of physical harm due to a fall event in the area where the reveal was 9", and no handrail, baluster and/or block or step resting on the surface of the parking lot adjacent to the excessive curb effectively reducing the excessive reveal such as was then and there prevailing at CVS Pharmacy Store on September 6, 2020.

21. On September 6, 2020, at a time of approximately before 2:45pm, at the above averred location, CVS Pharmacy Store #7183, as a result of the joint and/or several negligence of the CVS Defendants and/or John Doe Defendants, who breached their joint and/or several duties of care and failed to properly construct, repair, maintain and upkeep, inspect, discover and remediate and/or warn as to the unsafe condition of the curb at the above averred location, and/or place a handrail, baluster and/or block or step resting on the surface of the parking lot adjacent to the excessive curb effectively reducing the excessive reveal such as was then and there prevailing at CVS Pharmacy Store on September 6, 2020, Plaintiff Arta Thomas was caused to fall when she exited the above averred CVS store and when proceeding to step off the curb and descend to the parking lot surface, she mis-stepped from the excessively high curb located between the handicap ramp and the first brick column near the entrance and the paved parking lot, resulting in serious injuries, damages and losses, a claim for all of which is herein made.

22. At all relevant times, the unsafe, dangerous hazardous condition of the excessively high curb

without warnings, handrail, baluster and/or block or step resting on the surface of the parking lot adjacent to the excessive curb effectively reducing the excessive reveal such as was then and there prevailing at CVS Pharmacy Store on September 6, 2020, an area apparently painted so as to be for customer-pedestrians entering and exiting to walk and not for vehicles to park, was inconspicuous to business visitors and invitees, including but not limited to Plaintiff, Arta Thomas, upon exiting the said CVS Pharmacy Store #7183 as depicted in the below photograph taken on September 27, 2020:



23.     On the above averred date, time and location, the excessive curb height presented an abrupt elevation from which to descend into the parking lot that presented a risk and/or increased risk of a fall hazard to pedestrians exiting the above averred CVS store.

24.     At all relevant and material times, the CVS Defendants and/or the John Doe Defendants, jointly and/or severally, owned, controlled, constructed, maintained, and/or were responsible for and owed a duty of care to invitee-pedestrians, including Plaintiff, Arta Thomas, to safely maintain the condition of the curbing at the above averred location in a

Case ID: 220801018

safe condition, free of fall hazards, and/or warn of same and/or place handrail, baluster and/or block or step resting on the surface of the parking lot adjacent to the excessive curb effectively reducing the excessive reveal such as was then and there prevailing at CVS Pharmacy Store before and on September 6, 2020.

25.     At all relevant times, the CVS Defendants and/or John Doe Defendants, jointly and/or severally, had actual or constructive notice of the condition described above, that is, they knew or in the exercise of ordinary care should have had such notice or knowledge, in sufficient time to have taken appropriate and necessary remedial action, that the excessively high curb presented an abrupt descent to the surface of the parking lot and constituted an inconspicuous safety hazard in that it presented a risk and/or increased risk of a fall event.

26.     Notwithstanding this notice or knowledge, the CVS Defendants and/or John Doe Defendants, jointly and/or severally, negligently failed and neglected to adequately construct, maintain, control, repair and/or to correct or to take adequate, or any, protective measures to prevent injury to invites and/or pedestrians at the location of the dangerous, unsafe and hazardous condition, or warn of same and/or place handrail, baluster and/or block or step resting on the surface of the parking lot adjacent to the excessive curb effectively reducing the excessive reveal such as was then and there prevailing at CVS Pharmacy Store before and on September 6, 2020.

27.     The CVS Defendants and/or John Doe Defendants, are solely liable, and/or jointly and/or severally liable, for the injuries and/or damages suffered by Plaintiff.

28.     On September 6, 2020, in the afternoon at approximately before 2:45pm, Plaintiff, Arta Thomas, was caused to fall after exiting the above averred CVS Pharmacy Store #7183 in stepping down to the parking lot surface from the excessively high curb outside the above averred CVS store that was inconspicuous and in a dangerous, unsafe and defective condition as constructed and thereafter maintained and repaired and upkept, which was in a hazardous condition and constituted a risk and/or increased risk of a fall event.

29.     At all times material hereto, Plaintiff, Arta Thomas acted in a reasonable and prudent

        manner.

30.     At all relevant times, Plaintiff, Arta Thomas was not negligent, comparatively or

        contributorily negligent, nor did she assume the risk of her injuries.

## COUNT I – NEGLIGENCE
## PLAINTIFF vs. CVS DEFENDANTS

31.     Plaintiff incorporates herein by reference paragraphs 1 through 30 as if same were

        set forth at length.

32.     The joint and/or several negligence and carelessness of the CVS Defendants in the

        construction, creation, management, inspection, repair, and/or maintenance of the

        aforementioned premises consisted of the following:

> a.  Failing to safely and properly construct the above averred curb at
>     the above averred CVS store before September 6, 2020;
>
> b.  Permitting the existence of a dangerous and defective condition, the
>     excessively high curb, at the above CVS store location on and before
>     September 6, 2020;
>
> c.  Failing to warn the Plaintiff and the public at large of the dangerous
>     and defective condition of the excessively high curb at the above
>     averred CVS store on and before September 6, 2020;
>
> d.  Failing to repair or replace the said dangerous and defective
>     excessively high curb at the averred CVS store that that was
>     inconspicuous to invitees and presented a risk or increased risk of a
>     fall event;
>
> e.  Failing to properly supervise and instruct employees in the safe
>     maintenance and or remediation of the excessively high curb at the

Case ID: 220801018

above averred CVS store by means of, without limitations, erecting

warnings and/or placing caution tape, barriers and/or railings to protect

and prevent invitees from physical harm;

f.   Failing to exercise due care with regard to the rights and safety of the

Plaintiff under the circumstances, by failing to either warn or remove

the dangerous and defective condition, by allowing the condition to

exist after receiving either actual or constructive knowledge of it;

g.   Allowing a defective condition to exist which Defendants knew

or should have known created a dangerous condition and hazard

to pedestrians and/or business visitors;

h.   Failure to warn pedestrians and  business visitors of the proximity and

dangerous, hazardous and unsafe conditions of the excessively high

curb at the averred location;

i.   Failure to take reasonable precautions against the dangerous,

hazardous and unsafe condition of the excessively high

curb;

j.   Failure to properly and adequately hire and/or instruct agents,

servants, workmen, employees and/or representatives, of

Defendants herein, as to safe and proper procedure for inspecting,

maintaining, correcting and repairing a dangerous and defective

condition on the excessively high curb that caused Plaintiff's fall

and injuries;

k.   Failure to provide safe conditions for pedestrians and the general

public on the premises;

l.   Failure to act with due care and regard for the position and safety of

others, in particular, Plaintiff;

m.  Failure to provide and maintain proper safety precautions at said curb location;

n.  Failure to respond in a timely manner to an unsafe and/or dangerous condition situated upon the sidewalk at the averred location;

o.  Failure to adhere to applicable industry standards and codes, including codes adopted by local ordinance, at the time of construction of the curb and/or make modifications to the curb as industry standards were thereafter adopted and in effect on September 6, 2020, relating to height guidelines on curbs.

p.  Violation of Restatement, Second, Torts, §§343 and 344.

q.  Failing to warn and/or place handrails, balusters and/or block or step resting on the surface of the parking lot adjacent to the excessive curb effectively reducing the excessive reveal such as was then and there prevailing at CVS Pharmacy Store before and on September 6, 2020.

**COUNT II – NEGLIGENCE**
**PLAINTIFF vs. JOHN DOE DEFENDANTS**

33.  Plaintiff incorporates herein by reference paragraphs 1 through 32 as if same were set forth at length.

34.  The joint and/or several negligence and carelessness of the John Doe Defendants, in the construction, creation, management, inspection, repair, and/or maintenance of the aforementioned premises consisted of the following:

a.  Failing to safely and properly construct the above averred curb at the above averred CVS store before September 6, 2020;

b.  Permitting the existence of a dangerous and defective condition, the excessively high curb, at the above CVS store location on and before

Case ID: 220801018

September 6, 2020;

c.   Failing to warn the Plaintiff and the public at large of the dangerous
and defective condition of the excessively high curb at the above
averred CVS store on and before September 6, 2020;

d.   Failing to repair or replace the said dangerous and defective
excessively high curb at the averred CVS store that that was
inconspicuous to invitees and presented a risk or increased risk of a
fall event;

e.   Failing to properly supervise and instruct employees in the safe
maintenance and or remediation of the excessively high curb at the
above averred CVS store by means of, without limitations, erecting
warnings and/or placing caution tape, barriers and/or railings to protect
and prevent invitees from physical harm;

f.   Failing to exercise due care with regard to the rights and safety of the
Plaintiff under the circumstances, by failing to either warn or remove
the dangerous and defective condition, by allowing the condition to
exist after receiving either actual or constructive knowledge of it;

g.   Allowing a defective condition to exist which Defendants knew
or should have known created a dangerous condition and hazard
to pedestrians and/or business visitors;

h.   Failure to warn pedestrians and  business visitors of the proximity and
dangerous, hazardous and unsafe conditions of the excessively high
curb at the averred location;

i.   Failure to take reasonable precautions against the dangerous,
hazardous and unsafe condition of the excessively high

Case ID: 220801018

curb;

j.  Failure to properly and adequately hire and/or instruct agents, servants, workmen, employees and/or representatives, of Defendants herein, as to safe and proper procedure for inspecting, maintaining, correcting and repairing a dangerous and defective condition on the excessively high curb that caused Plaintiff's fall and injuries;

k.  Failure to provide safe conditions for pedestrians and the general public on the premises;

l.  Failure to act with due care and regard for the position and safety of others, in particular, Plaintiff;

m.  Failure to provide and maintain proper safety precautions at said curb location;

n.  Failure to respond in a timely manner to an unsafe and/or dangerous condition situated upon the sidewalk at the averred location;

o.  Failure to adhere to applicable industry standards and codes, including codes adopted by local ordinance, at the time of construction of the curb and/or make modifications to the curb as industry standards were thereafter adopted and in effect on September 6, 2020, relating to height guidelines on curbs.

p.  Violation of Restatement, Second, Torts, §§343 and 344.

q.  Failing to warn and/or place handrails, balusters and/or block or step resting on the surface of the parking lot adjacent to the excessive curb effectively reducing the excessive reveal such as was then and there prevailing at CVS Pharmacy Store before and on September 6, 2020.

Case ID: 220801018

35. As a result of the joint and/or several negligence of the CVS Defendants and/or John Doe Defendants as set forth in Counts I and II, Plaintiff, Arta Thomas, has suffered:

    a.   Serious injuries, dysfunctions, impairments, serious and permanent impairments of body or bodily functions, including but not limited to, left foot and ankle, avulsion fracture of distal fibula, spiral fracture of the fifth metatarsal, necessitating operative procedure, including ORIF of left foot, hospital admission followed by physical therapy, and pain and trauma to various parts of her body and psyche including without limitation scarring and/or other musculoskeletal and other injuries to other parts of her body, trauma, restrictions on range of motion and functioning, pain and suffering and or other injuries;

    b.   Past Medical Expenses;

    c.   Future Medical Expenses;

    d.   Past Lost Earnings and Lost Earnings Capacity;

    e.   Future Loss of Earnings and Lost Earning Capacity;

    f.   Past Pain and Suffering;

    g.   Future Pain and Suffering;

    h.   Past Embarrassment and Humiliation;

    i.   Future Embarrassment and Humiliation;

    j.   Past Loss of Ability to Enjoy the Pleasures of Life;

    k.   Future Loss of Ability to Enjoy the Pleasures of Life;

    l.   Scarring/Disfigurement;

    m.   Emotional Distress;

    n.   Property Damage;

o.   Incidental Costs;

p.   Medical subrogation liens

36. As a further result of the joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future, a claim for which is herein made, including as to statutory or contractual medical subrogation liens.

37. As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff suffered a severe shock to her nerves and/or nervous system.

38.    As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she has suffered, and to incur various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries sustained.

39.    As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff sustained functional impairment of physical capabilities in her activities of daily living and has been unable to attend to her daily chores, duties, occupations and activities of daily living, and may be unable to do so for an indefinite time in the future.

40.    As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff has suffered past loss of earnings and loss of earning capacity and will continue to suffer such a loss for an indefinite time in the future.

41.    As a further result of joint and/or several negligence of the Defendants as

set forth in Counts I and II, Plaintiff has or may continue in the future to incur other financial out of pocket expenses or losses, a claim for which is herein made.

42.     As a further result of joint and/or several negligence of the Defendants as set forth in Counts I and II, Plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of enjoyment of life, scars and/or disfigurement, and she may continue to suffer the same for an indefinite time in the future.


**WHEREFORE**, Plaintiff, Arta Thomas demands judgment against the Defendants, CVS Pharmacy, Inc., CVS Pharmacy Inc., c/o CT Corporation System, CVS Pharmacy Store #7183, and John Doe Property Owners (1-3), John Doe Maintenance Companies (1-3), John Doe Inspection Companies (1-3), and John Doe Repair Companies (1-3), jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000), plus interest, costs and delay damages.


LEE A. CICCARELLI P.C.


BY:     ***Stephen J. Devine, Esquire***
        STEPHEN J. DEVINE, ESQUIRE
        *Attorney for Plaintiff*


Date: September 25, 2022

## <u>VERIFICATION</u>

I, Stephen J. Devine, Esquire, Co-counsel for Plaintiff hereby depose and say that the averments in the foregoing Complaint are true and correct to the best of my knowledge, information, recollection and belief, and that this verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_**Stephen J. Devine**_____
Stephen J. Devine, Esquire

Date: September 27, 2022

**LEE A. CICCARELLI, P.C.**                    MAJOR CASE
Lee A. Ciccarelli, Esquire
Attorney I.D. No.: 56115              ASSESSMENT OF DAMAGES REQUIRED
Stephen J. Devine, Esquire
Attorney I.D. No.: 37010
304 North High Street
West Chester, PA 19380
Tel. 610-692-8700                     ATTORNEYS FOR PLAINTIFF
Email: lee@ciccaarelli.com
Email: s.devine@ciccarelli.com

| | |
|---|---|
| ARTA THOMAS | : COURT OF COMMON PLEAS |
| 120 Jenners Pond Road | : PHILADLEPHIA COUNTY, PA |
| Apt 3316 | : CIVIL ACTION |
| West Grove PA 19390 | : |
| *Plaintiff* | : |
| | : |
| | :     AUGSUT TERM, 2022 |
| vs. | : |
| | :     No. 01018 |
| CVS PHARMACY, INC. | : |
| c/o CT Corporation System | : |
| 600 N. 2nd Street, Ste. 401 | : |
| Harrisburg PA 17101 | : |
| | : |
| and | : |
| | : |
| CVS PHARMACY, INC. | : |
| 1 CVS Drive | : |
| Woonsocket RI 02895-6146 | : |
| | : |
| and | : |
| | : |
| CVS PHARMACY STORE #7183 | : |
| 730 Newark Road | : |
| Landenberg 19350 | : |
| | : |
| and | : |
| | : |
| JOHN DOE PROPERTY OWNERS (1-3) | : |
| 304 N. High Street | : |
| West Chester PA 19380 | : |
| | : |
| and | : |
| | : |
| JOHN DOE MAINTENANCE | : |
| COMPANIES (1-3) | : |
| 304 N. High Street | : |
| West Chester PA 19380 | : |
| | : |
| and | : |
| | : |

JOHN DOE REPAIR COMPANIES  :
(1-3)           :
304 N. High Street       :
West Chester PA 19380    :
              :
and            :
              :
JOHN DOE INSPECTION COMPANIES :
(1-3)           :
304 N. High Street       :
West Chester PA 19380    :
      *Defendants*  :
_____ :

## CERTIFICATE OF SERVICE

   I, Stephen J. Devine, Esquire, Co-Counsel for Plaintiff in the above-captioned matter, hereby

certify that a true and correct copy of Plaintiff's Complaint was served via the Philadelphia County

electronic filing system to the addresses set forth below:

SPITZ,
CHARLES W,
ESQUIRE

    POST & SCHELL, P.C.
    4 PENN CENTER, 13TH
    FLOOR
    1600 J.F.K. BLVD.
    PHILADELPHIA PA 19103
    (215)587-1000
    (215)587-1444 - FAX
    cspitz@postschell.com

            ATTORNEY FOR  FEIGENBAUM,
            DEFENDANT   JOEL H., ESQUIRE

    FOUR PENN CENTER
    1600 JOHN F KENNEDY
    BLVD
    13TH FLOOR
    PHILADELPHIA PA 19103
    (215)587-1138
    (215)320-4765 - FAX
    jfeigenbaum@postschell.com

*Attorneys For Defendants*

**LEE A. CICCARELLI, P.C.**

*/s/ Stephen J. Devine, Esquire____*
Stephen J. Devine, Esquire
Attorney for Plaintiff

Date: September 27, 2022

**LEE A. CICCARELLI, P.C.**                          MAJOR CASE
Lee A. Ciccarelli, Esquire
Attorney I.D. No.: 56115                          ASSESSMENT OF DAMAGES REQUIRED
Stephen J. Devine, Esquire
Attorney I.D. No.: 37010
304 North High Street
West Chester, PA 19380
Tel. 610-692-8700                                 ATTORNEYS FOR PLAINTIFF
Email: lee@ciccaarelli.com
Email: s.devine@ciccarelli.com

| | |
|---|---|
| ARTA THOMAS | : COURT OF COMMON PLEAS |
| 120 Jenners Pond Road | : PHILADLEPHIA COUNTY, PA |
| Apt 3316 | : CIVIL ACTION |
| West Grove PA 19390 | : |
| *Plaintiff* | : |
| | : |
| | :      AUGSUT TERM, 2022 |
| vs. | : |
| | :      No. 01018 |
| CVS PHARMACY, INC. | : |
| c/o CT Corporation System | : |
| 600 N. 2nd Street, Ste. 401 | : |
| Harrisburg PA 17101 | : |
| | : |
| and | : |
| | : |
| CVS PHARMACY, INC. | : |
| 1 CVS Drive | : |
| Woonsocket RI 02895-6146 | : |
| | : |
| and | : |
| | : |
| CVS PHARMACY STORE #7183 | : |
| 730 Newark Road | : |
| Landenberg 19350 | : |
| | : |
| and | : |
| | : |
| JOHN DOE PROPERTY OWNERS (1-3) | : |
| 304 N. High Street | : |
| West Chester PA 19380 | : |
| | : |
| and | : |
| | : |
| JOHN DOE MAINTENANCE | : |
| COMPANIES (1-3) | : |
| 304 N. High Street | : |
| West Chester PA 19380 | : |
| | : |
| and | : |
| | : |

JOHN DOE REPAIR COMPANIES    :
(1-3)    :
304 N. High Street    :
West Chester PA 19380    :
    :
and    :
    :
JOHN DOE INSPECTION COMPANIES    :
(1-3)    :
304 N. High Street    :
West Chester PA 19380    :
     *Defendants*    :
_____ :

## **CERTIFICATE OF COMPLIANCE**

I, Stephen J. Devine, Esquire, Co-Counsel for Plaintiff in the above-captioned matter, hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

 

 

               **LEE A. CICCARELLI, P.C.**

               ***/s/Stephen J. Devine, Esquire_____***
               Stephen J. Devine, Esquire
               Attorney for Plaintiff

Date: September 27, 2022

# **<u>EXHIBIT B</u>**

ARTA THOMAS,

Plaintiff,

vs.

CVS PHARMACY, INC. c/o CT Corporation System,
CVS PHARMACY INC., CVS PHARMACY STORE
#7183, JOHN DOE PROPERTY OWNERS (1-3),
JOHN DOE MAINTENANCE COMPANIES (1-3),
JOHN DOE REPAIR COMPANIES and JOHN DOE
INSPECTION COMPANIES (1-3),

Defendant.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

No.

## AFFIDAVIT OF MELANIE K. ST ANGELO

BEFORE ME, the undersigned Notary, on this day personally appeared Melanie K. St Angelo, and being by me first duly sworn, on her oath, states as follows:

1.      My name is Melanie K. St Angelo, I am over the age of twenty-one (21) and have personal knowledge of the information set forth in this Affidavit. This Affidavit is submitted in support of Defendant, Pennsylvania CVS Pharmacy, L.L.C.'s (i/c/a CVS Pharmacy, Inc. c/o CT Corporation System, CVS Pharmacy, Inc., and CVS Pharmacy Store #7183) Petition for Removal.

2.      I am the Sr. Manager and Assistant Secretary of CVS Pharmacy, Inc.

3.      At the time of the incident alleged in the Complaint, and presently, CVS Pharmacy, Inc. is a foreign corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895.

4.      Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 730 Newark Road, Landenberg, Pennsylvania.

5.      CVS Pharmacy, Inc. is the sole managing member of Pennsylvania CVS Pharmacy, L.L.C.

6.      "CVS Pharmacy Store #7183" is a fictitious name.

MELANIE K. ST ANGELO

Sworn to before me this 11th day of October, 2022

NOTARY PUBLIC

Christina M. Cappalli
Notary Public
State of Rhode Island
Notary No: 758965
My Commission Expires March 21, 2024

24549130v1